## CIRCUIT COURT OF FAIRFAX COUNTY

R.

v.

Carol A. Brunty,
Commissioner of the
Virginia Department
of Social Services

October 6, 1995

Case No. (Chancery) 137725

BY JUDGE MICHAEL P. MCWEENY

This issue of attorney's fees comes following an Order entered by this Court on September 15, 1995. That Order found that the Virginia Department of Social Services (DSS)'s "reason to suspect" finding was unlawful and directed DSS to expunge the finding from its records. Plaintiff now asks this Court to award him his attorney's fees for that action, and defendant opposes this motion. After taking the matter under advisement and considering the relevant statutory authority, the Court awards attorney's fees in the sum and for the reasons set forth below.

Plaintiff's initial action regarding the DSS finding was governed procedurally by Va. Code § 63.1-248.6:1(B), entitled "Appeals of Certain Actions of Local Departments." The code section states in part that, "If aggrieved by the decision of the hearing officer, such person may obtain further review of the decision in accordance with Article IV (Va. Code § 9-6.14:15 et seq.) of the Administrative Process Act." This language clearly puts any further appeal matters within the authority granted to this Court under Article IV, and plaintiff is correct to assert that this Court's decision regarding attorney's fees is governed by Article IV. Plaintiff appealed DSS's enforcement of the Fairfax County Department of Human Development (local board)'s "reason to suspect" finding in this Court. Furthermore, DSS itself informed the plaintiff in its decision that he had a

right of review under Article IV. (See decision of DSS, November 14, 1994.)

Article IV outlines the issue of attorney fees in Va. Code § 9-6.14:21. This section indicates that a plaintiff can recover his attorney's fees from an agency when that plaintiff successfully maintains an appeal of an agency action and the Court finds that the agency acted unreasonably. R. has successfully appealed DSS's action (see this Court's order of September 14, 1995) in accordance with Article IV.

This Court finds that the definition in Va. Code § 9-6.14:4 applies to the agency action in this case. In support of its argument against an award of attorney's fees for plaintiff, defendant relied on the decision in *Johnson v. Virginia Beach Dept. of Social Services and Commissioner, Va. Dept. of Social Services*, CH 95-636 (August 9, 1995). The facts in the *Johnson* case are similar to those here. Mr. Johnson appealed a finding of "reason to suspect" at the state level and moved the court for his attorney's fees. The Virginia Beach Circuit Court found that the involvement of the Virginia Department of Social Services did not constitute a "case decision" within the meaning of Va. Code § 9-6.14:4(D). That court further found that the remaining action in question was a local action, not a state action, and therefore, Article IV did not apply. The Virginia Beach Circuit Court held that the plaintiff was not entitled to attorney's fees for those reasons.

Virginia Code § 9-6.14:16 places the burden of proof on a person "claiming unlawfulness of a case decision . . . ." and Va. Code § 9-6.14:4(D) defines case decision as:

> any agency proceeding or determination that, under laws or regulations at the time, a named party as a matter of past or present fact, or of threatened or contemplated private action, either is, is not, or may or may not be (i) in violation of such law or regulation or (ii) in compliance with any existing requirement for obtaining or retaining a license or other right or benefit.

At oral argument, plaintiff's counsel listed a number of child protection laws of which plaintiff may or may not have been in violation if the "reason to suspect" listing had remained. Plaintiff's counsel also noted a number of licenses that plaintiff would not be able to obtain for the same reasons. The defense argued that because the record had been or soon will be expunged, this point was moot. This Court does not agree. Despite the outcome, the Virginia Department of Social Services relied on the local board's finding and enforce the "reason to suspect" finding. By virtue of

this action, DSS made a case decision that caused the plaintiff possibly to be in violation of the laws and regulations of the agency and in noncompliance with some licensing requirements and other rights or benefits. The application of the statute clearly does not require that the person affected by the agency action actually be in violation of a law or denied a license, only that the possibility exists. This action is unquestionably a case decision within the meaning of the statute.

Virginia Code § 9-6.14:4(A) defines an agency as a state entity, and (B) defines agency action as an action taken by such an agency or a case decision. Therefore, while plaintiff's counsel argued forcefully that the local board is merely an agent of DSS, this Court must find that the Code sections discussed here apply only to the actions taken by DSS and not to those of the local board. Under Article IV, DSS must pay R. those attorney's fees he incurred at the state level. According to the evidence presented at oral argument, those fees total $3,560.00.

The Court orders that the defendant pay R. $3,560.00 for his attorney's fees incurred at the state level.